IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KENNETH EARL GAY, | ) | No. C 14-03566 EJD (PR) |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| v. | ) | |
| MARTIN DODD, et al., | ) | |
| Defendants. | ) | |

Plaintiff, state prisoner at San Quentin State Prisoner, filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate written order.

## DISCUSSION

**A.** **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is

immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.   Plaintiff's Claims**

All the defendant in this case are attorneys who were appointed to represent Plaintiff in criminal proceedings for his capital offense. Plaintiff alleges that these state, and one federal, appointed attorneys failed "to challenge the California Supreme Court's illegal/unconstitutional policies" and have "supported the delays created by the policies, and participated in the strategies of the policies to the detriment of Plaintiff's ability to challenge the validity of his conviction." (Compl. at 2.) Plaintiff seeks damages and appointment of new counsel "from outside the State of California." (Id. at 53.)

However, public defenders do not act under color of state law, an essential element of an action under 42 U.S.C. § 1983, when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments. Polk County v. Dodson, 454 U.S. 312, 318-19 (1981); accord Vermont v. Brillon, 129 S. Ct. 1283, 1291-92 (2009). It matters not that the public defender failed to exercise independent judgment or that he was employed by a public agency; it is the nature and context of the function performed by the public defender that is determinative under Polk County. Miranda v. Clark County, Nevada, 319 F.3d 465, 468 (9th Cir.) (en banc), cert. denied, 540 U.S. 814 (2003). Accordingly, these claims are dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1),(2).

Petitioner also seeks appointment of new counsel for his ongoing state appeal. Under principles of comity and federalism, a federal court should not interfere with

ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. See Younger v. Harris, 401 U.S. 37, 43-54 (1971); Samuels v. Mackell, 401 U.S. 66, 68-74 (1971). Abstention may be inappropriate in the "extraordinary circumstance" that (1) the party seeking relief in federal court does not have an adequate remedy at law and will suffer irreparable injury if denied equitable relief, see Mockaitis v. Harcleroad, 104 F.3d 1522, 1528 (9th Cir. 1997) (citing Younger, 401 U.S. at 43-44), or (2) the state tribunal is incompetent by reason of bias, see Gibson v. Berryhill, 411 U.S. 564, 577-79 (1973). A party who alleges bias must overcome a presumption of honesty and integrity in those serving as adjudicators. See Hirsh v. Justices of the Supreme Court of Cal., 67 F.3d 708, 713 (9th Cir. 1995) (citation omitted). First of all, it appears that Plaintiff has an adequate remedy at law as he is currently pursuing a state appeal of his capital sentence. Secondly, Plaintiff has failed to overcome the presumption of honesty and integrity in the state courts as he attacks "policies" rather than personal bias. Accordingly, the Court does not find that "extraordinary circumstances" warrant interference with the ongoing state criminal proceedings.

This case will be dismissed with prejudice as it is clear that no amount of amendments will cure the deficiencies of the complaint. "Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000); Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED without leave to amend for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1),(2). This action is dismissed with prejudice.

1 | The Clerk shall terminate any pending motions and close the case.

3 | DATED: 12/10/2014

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

KENNETH EARL GAY,

        Plaintiff,

  v.

MARTIN DODD, et al.,

        Defendants.

Case Number: CV14-03566 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 12/10/2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kenneth Earl Gay D-15601
San Quentin State Prison
San Quentin, CA 94974

Dated: 12/10/2014

        Richard W. Wieking, Clerk
        /s/ By: Elizabeth Garcia, Deputy Clerk