IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KENNETH EARL GAY, | ) | No. C 14-04088 EJD (PR) |
| Plaintiff, | ) ) | DENYING MOTION FOR RECONSIDERATION |
| v. | ) ) | |
| STATE OF CALIFORNIA, et al., | ) ) | |
| Defendants. | ) ) | (Docket No. 12) |

On December 16, 2014, the Court dismissed the instant complaint without prejudice to filing as a petition for a writ of habeas corpus. (Docket No. 10.) Plaintiff has filed a "order seeking reversal of previous order due to clerk's error under Rule 60(b)." (Docket No. 12, hereafter "Mot.") Federal Rule of Civil Procedure 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir.1993).

In this pleading, Plaintiff seeks reversal of the Court's order regarding payment of

1  the $350 filing fee, and appears confused about the Court orders in the various actions
2  that he has filed in this Court, including the above captioned case. (*Id.*) The Court will
3  review Plaintiff's filing history and clarify the confusion.
4      Plaintiff states that the Court's imposition of the filing fee after the case had been
5  dismissed with prejudice "appears to be retaliatory and meant to dissuade Petitioner from
6  filing any further complaints in furtherance of his Constitutional rights." (Mot. at 1.)
7  With respect to the instant action, Plaintiff filed a civil rights complaint under "42 U.S.C.
8  § 1983/1985" in the District of Columbia on August 14, 2014, along with a motion for
9  leave to proceed in forma pauperis ("IFP"). (Docket Nos. 1 & 2.) The matter was then
10 transferred to this Court on August 14, 2014, after the transferring court determined that
11 the complaint was in essence a systematic challenge to the remedies available to Plaintiff
12 as a California prisoner on death row. (Docket No. 5.) Based on Plaintiff's initial IFP
13 application, (Docket No. 2), the Court granted the motion. (Docket No. 9.) This is where
14 Plaintiff is first mistaken. A plaintiff becomes responsible for the filing fee upon the
15 filing of a civil action, such as one under § 1983. However, if a prisoner-plaintiff shows
16 that he is unable to pay the entire fee at the outset of the action based on indigency, he
17 may seek IFP status which permits the action to proceed based upon a payment schedule
18 under 28 U.S.C. § 1915. It matters not whether the action proceeds on the merits or is
19 dismissed on procedural grounds because the filing fee is an initial matter that is triggered
20 by the mere filing of the action. Accordingly, there was nothing inappropriate in the
21 Court granting IFP status and dismissing the action on the same date. Furthermore,
22 Plaintiff is simply mistaken when he states that the instant action was dismissed "with
23 prejudice." Rather, this action was dismissed without prejudice to Plaintiff filing his
24 claims under a petition for writ of habeas corpus. (*See* Docket No. 10.)
25     Near the same time that Plaintiff filed the above action in the District of Columbia,
26 Plaintiff filed another action directly with this Court on August 7, 2014, which was
27 opened as Case No. 14-03566 EJD (PR). The Court dismissed the matter with prejudice
28 because Plaintiff had failed to state a claim upon which relief may be granted. (Docket

1  No. 8.)  Plaintiff was granted IFP status in that case as well, (Docket No. 7), and as
2  discussed above, Plaintiff was still responsible for the entire filing fee regardless of
3  whether the Court found his claims meritorious or not.
4          In another case, Plaintiff filed a "request for temporary injunction" on July 23,
5  2014, which the Clerk of the Court construed as an attempt to file a civil action.  The
6  matter was therefore opened as Case No. 14-03328 EJD (PR).  Because the filing of any
7  action requires payment of the filing fee, the Clerk sent Plaintiff a notice that he must
8  either pay the full filing fee or file a motion for IFP status.  The Court dismissed the
9  matter for failure to pay the filing fee when Plaintiff failed to respond to the notice in the
10 time provided.  (Docket No. 3.)
11         Plaintiff claims that the first two of the cases discussed above involved the same
12 pleading, and should therefore have been consolidated.  (Mot. at 6-7.)  However, the
13 Court notes that the named Defendants in those actions were completely different, and
14 without notice from any party, the Court is not required to consider whether consolidation
15 is appropriate, particularly as the matters are before the same Court.  See L.R. 3-12.  As
16 discussed above, there was no mistake on the part of the Clerk or this Court in the
17 adjudication of Plaintiff's three civil complaints.  There is no other basis for
18 reconsideration under Rule 60(b).  Accordingly, the motion is DENIED.
19         In accordance with Plaintiff's request, (Docket No. 14), the Clerk shall file a copy
20 of Plaintiff's motion for reconsideration, (Docket No. 12), and his letter, (Docket No. 14),
21 into Case No. 14-03566 EJD (PR), along with a copy of the instant order.  The motion
22 shall then be terminated pursuant to the Court's order.
23         The Clerk shall include a copy of the dockets from each of the above referenced
24 cases with a copy of this order to Plaintiff.
25         This order terminates Docket No. 12.

27 DATED:     3/12/2015
                                                    EDWARD J. DAVILA
28                                                  United States District Judge

Order Denying Motion for Reconsideration
P:\PRO-SE\EJD\CR.14\04088Gay_deny recon.wpd            3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

KENNETH EARL GAY,

        Plaintiff,

  v.

STATE OF CALIFORNIA, et al.,

        Defendants.

Case Number: CV14-04088 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 3/13/2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kenneth Earl Gay D-15601
San Quentin State Prison
San Quentin, CA 94974

Dated: 3/13/2015

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk